(32 Misc. Rep. 474.)

## BARKER v. TOWN OF FLOYD.

(Supreme Court, Trial Term, Oneida County. July 1, 1900.)

1. MUNICIPAL CORPORATIONS—CONTRACTS FOR PUBLIC BUILDINGS—AUTHORITY TO PURCHASE.

Act April 10, 1865, authorizing the town of Floyd to construct for its use a town hall, does not empower such town to purchase a building already constructed, to be retained as a town hall.

2. SAME—POSSESSION BY OFFICERS—EFFECT ON CONTRACT.

Possession by town officers of premises which the town has contracted to purchase is insufficient to make such contract, otherwise unauthorized, binding on the town.

Action by Irving C. Barker against the town of Floyd to recover on a contract for the conveyance of realty. Dismissed.

D. F. Searle, for plaintiff.

Josiah Perry, for defendant.

CHASE, J. The town of Floyd is, and for more than 36 years has been, one of the towns composing the county of Oneida. It is a municipal corporation. On the 10th day of April, 1865, the legislature of this state passed an act, the title of which is as follows:

"An act to authorize the town board of the town of Floyd in the county of Oneida to erect a town hall and to make provision for the payment thereof."

The first section of said act is as follows:

"The town board of the town of Floyd in the county of Oneida are hereby authorized to construct for the use of the said town at such place therein as will best subserve the convenience of the inhabitants thereof, a town hall at an expense not to exceed the sum of two thousand dollars."

Section 2 of said act relates to raising the money mentioned in section 1 of the act.

So far as appears on the trial of this action, the town board of the town of Floyd never took any action under said act, unless the action hereinafter mentioned can be held to have been under that act. At the annual town meeting held in the town of Floyd on the 1st day of March, 1898, the following resolution was read, and unanimously adopted viva voce by the electors present, at 12:15 o'clock p. m., viz.:

"Whereas, it is necessary to have a town hall in the town of Floyd, for the purpose of holding elections and town meetings, and transacting other town business, and as the town board have the option of purchasing the property which we now occupy, and also the shed on same premises, be it resolved that the town board purchase this property for a town house, at a sum not exceeding five hundred dollars."

At a meeting of the town board of the town of Floyd held on the property mentioned on the 3d day of March, 1898, the following resolutions were carried:

"The town board purchase of M. J. Barker his store or building now occupied as town hall, for the sum of five hundred dollars (500); said building to be occupied as a town house. Motion carried that supervisor and town clerk issue certificates to the amount of five hundred dollars (500), payable to M. J. Barker the first day of Feb., '99; said certificates to be held by J. N. Jacobs and E. J. Pepper, committee, until a warranty deed is delivered to them by M. J. Barker. Motion carried that the key of the town hall be left in possession of the town clerk, and that justices of the peace shall have the use of said hall in private practice; each justice to furnish his own fuel."

On the 10th day of November, 1898, an ordinary contract for the conveyance of the real estate referred to in the resolutions and described in the complaint was executed and delivered, by and between Irving C. Barker, the legal owner of the property, and the members of the town board of the town of Floyd. Such contract provides for the payment of $500 on or before the 1st day of February, 1899, and for the delivery of the deed of the property on such payment being made. At a meeting of the town board of the town of Floyd held on the 10th day of November, 1898, the following resolution was adopted:

"Motion made by E. J. Pepper that $150 be raised to shingle and repair town-house, and $10 for insurance, and that said money remain in supervisor's hands, to be paid out by order of committee."

The plaintiff has fully performed said contract on his part, but the defendant refuses and neglects to perform on its part. This action is brought to recover the amount of such contract price. The question arises whether the members of the town board of the town of Floyd had any authority to make such contract. It is conceded that the town board of the town of Floyd has never been authorized to purchase a site and erect a town house as provided by sections 18 and 19 of the town law. Although the determination of this action depends upon the construction of the act of 1865, yet it is evident from the wording of the resolution adopted in open town meeting, and the resolutions adopted by the town board, that they were not passed with a view of following the terms of such special statute. The reliance of the plaintiff upon such special statute would seem to be an afterthought. Does the statute of 1865 authorize such contract? I think not. The important words of the statute are words of common and ordinary meaning. There is nothing in these words that is involved or ambiguous. The purpose of the statute was to authorize the town board to "erect" and "construct" a town hall "for the use of the said town at such place therein as will best subserve the convenience of the inhabitants thereof." It may be conceded that the act would authorize the purchase of a site for the erection and construction of a town house. It may even be conceded that a purchase of a site including a building, the materials in which could be used in the erection and construction of a town house, should not be condemned as without the power conferred by the act. Such purchase of materials, even in the shape of a building, would be a mere incident to the purchase of a site. It was not the intention of the town board, in passing the resolutions and making the contract in question, to purchase a site and erect and construct a town house thereon; but they clearly intended to and did agree to purchase a building that was immediately to become, and thereafter to be retained as, a town house. Such purchase cannot by any course of reasoning be said to be incidental to the purchase of a site for a town house. The purchase of an old store for a town house may be a wise and economical measure, deserving the commendation and support of the agents and officers of the town, but such purchase violates the central thought contained in the statute under consideration. As soon as the building on a site is such as to be the primary purpose of the purchase, then, in my judgment, the purchase is without authority granted by the act. The fact that the

agents and officers of the town have been in possession of the premises described in the contract is not sufficient to make the contract, otherwise unauthorized, binding upon the municipality. It is not necessary to discuss the other questions presented by the defendant herein.

The complaint of the plaintiff is dismissed, with costs.