**CLARK et al. v. GREER et al.**

**No. 14271.**

Court of Civil Appeals of Texas. Dallas.
July 21, 1950.

Rehearing Denied Sept. 29, 1950.

Harry E. Kain, Denison, for appellants.

Price Daniel, Atty. Gen., and Clinton Foshee, Asst. Atty. Gen., Gullett & Gullett and William Malone, all of Denison, for appellees.

CRAMER, Justice.

This was an application by appellants for injunction to restrain D. C. Greer, State Highway Engineer, the State Highway Department, and the City of Denison from expending or using the proceeds of bonds theretofore authorized at an election for the purchase of right-of-way for U. S. Highway 75, which is being rerouted from its present location along Armstrong Avenue and other connecting streets so as to follow Austin Avenue through the City. The present route along Armstrong and the other connecting streets is to be designated

"Highway 75 A"; that is, as auxiliary or secondary Highway 75.

Locations of the two routes are shown on the following plat:

pend the proceeds of the said Bond election of January 31, 1948, for Highway right-of-way upon Austin Avenue in the City of Denison, Texas?"

Appellants state the question on this appeal as follows: "The basic question in this cause is: under the notice of election submitted to the qualified voters of the City of Denison, Texas, and the ballot upon which the electors' vote was cast, was such sufficient to authorize the City Council to ex-

The record shows that on January 12, 1948, the City Council of the City of Denison, in keeping with its Charter and the State law, passed a resolution calling for an election on the proposition (with two other questions not material here) of the issuance of $285,000 in street improvement

bonds, using the following wording (portions and propositions not material here omitted):

"Resolution

"Calling an election on the proposition of * * * and on the proposition of the issuance of $285,000 street improvement bonds * * *

" * * * Whereas, with reference to the $285,000 of bonds to be issued for Street Improvements, it is proposed to use the proceeds thereof as follows:

"(a) $180,000 for the purchase of right-of-way and improving Austin and Armstrong Avenue;

"(b) $105,000 to pave and improve streets, improve and construct storm sewers in the streets of the city;

"Whereas, the City Council of the City of Denison, Texas, deems it advisable to issue the bonds of said city for the purposes hereinafter mentioned:

"Be it resolved by the City Council of the City of Denison:

"1. That an election be held in said City of Denison, Texas, on the 31st day of January, 1948, at which election the following propositions shall be submitted: * * *

"Proposition Number 3.

"Shall the City Council of the City of Denison, Texas, be authorized to issue the bonds of said city in the amount of $285,-000, maturing serially in such installments as may be fixed by the City Council, the maximum maturity date being not more than 40 years from their date, and bearing interest at a rate not to exceed 4% per annum, payable annually, and to levy a tax sufficient to pay interest as it accrues and the principal as it matures on said issue of bonds, for the purpose of constructing improvements and extensions to the streets within said City, as authorized by the Constitution and laws of the State of Texas."

It is undisputed in the record that the election carried and that the bonds were duly issued, sold, and part of the proceeds therefrom is now being used for the purchase of right-of-way along Austin Avenue, the proposed new route of Highway 75.

It is asserted in appellants' two points in substance that the notice of election and the proposition submitted to the voters were not sufficient under the law to authorize the City to expend the proceeds of the bonds authorized under Proposition 3 for the purchase of right-of-way for rerouting Highway 75 upon Austin Avenue and then conveying such right-of-way to the Highway Commission for its use in improvements thereon; that the trial court therefore erred in not granting the injunction prayed for.

Appellants cite Arts. 701–703, Vernon's Tex.Civ.Sts., requiring a proposition for issuance of bonds to be first submitted to the voters, and that the proposition to be submitted distinctly specify the purpose for which the bonds are to be issued.

As we view the record, if, as asserted by appellants, the City's use of the proceeds of the bonds is not consistent with the purposes set out in Proposition 3, then they are entitled to a reversal and rendition of this cause; otherwise they are not.

■ The resolution designated Austin and Armstrong Avenues as the streets to be improved. A part of Armstrong Avenue at that time was part of Highway 75, as shown by the plat above, and after the rerouting of Highway 75, will still be an auxiliary part of such Highway—known as "75 A." As rerouted, the main Highway 75 will be on Austin Avenue. The bond funds are therefore being spent on the avenues set out in Proposition 3 submitted to the qualified voters of the City of Denison, and the action of the City of Denison is not in conflict with or contrary to the provisions of Proposition 3.

■ It is within the discretion of the City Council of the City of Denison to say that such rerouting is an improvement to the avenues involved; as well as to the city, county, and state generally. As stated in Lewis et al. v. City of Fort Worth, 126 Tex. 458, 89 S.W.2d 975, and quoted by this Court in Gillham v. City of Dallas, 207 S.W.2d 978, 983 (writ refused, n. r. e.): "It is elementary that the proceeds of bonds voted by the people must be expended for the purposes for which they were voted.

It is also elementary that in instances where the law visits upon a governing body the duty to exercise its sound judgment and discretion, courts have no right to interfere so long as such body acts lawfully."

Article 6674c—1, V.A.C.S., provides in substance that any county or political subdivision, and the State Highway Commission in its discretion, may accept voluntary contributions of available funds, etc., for expenditure by the State Highway Commission in the development of public roads of such county or political subdivision. Art. 6673—b, V.A.C.S., authorizes the Highway Commission to enter into contracts with cities and towns for the location, relocation, construction, reconstruction, maintenance, control, supervision, and regulation of designated State Highways within and through their corporate limits; to determine and fix the respective liabilities or responsibilities of the parties resulting therefrom; and authorizes such cities, etc., through their governing bodies to enter into contracts or agreements with the Highway Department.

■ It is also argued by appellants that the agreement between the City of Denison and the State Highway Department with reference to the city's part in the relocation of Highway 75 and the securing of additional land was entered into before the city was authorized to pay its obligations by a proper tax levy, and therefore was unenforceable. Constitution, Art. 11, secs. 5 and 7, Vernon's Ann.St.

On this question we are of the opinion that, since the record shows the land was purchased after the tax was authorized and actually levied, such purchase and expenditure of the funds was proper. It is presumed to have been done, not under the invalid contract, but under the City Commission's understanding, at the time the land was purchased, with the Highway Department.

■ We next consider the authority of the City of Denison to deed to the Highway Commission the right-of-way so purchased to be used as part of Highway 75.

Considering the statutory authorization of the City to make donations of its cash to the Highway Department and its authority to make contracts directly with the Department, where the improvements are to be made on the City streets, we are of the opinion that the City is fully authorized to buy the right-of-way and then turn it over to the State Highway Commission, rather than turn the cash over to them first and then depend on the Highway Commission to secure the right-of-way by condemnation or at such prices as they might be willing to pay.

The question of the City's right of eminent domain to condemn a right-of-way for the purposes here involved is not before us and we do not pass upon same.

From what has been said, it follows that the judgment below should be, and it is affirmed.