

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 29, 1959

Honorable Charles J. Lieck, Jr.     Opinion No. WW-769
Criminal District Attorney
Bexar County Courthouse          Re: Legality of use of
San Antonio, Texas                   bond funds for pur-
                                   chase of building.

Attention: Hon. L. J. Gittinger,
          Asst. Crim. Dist. Atty.
          Chief, Civil Section

Dear Sir:

You have requested the opinion of this office as to the legality
of the proposed purchase by the County of an existing building,
a portion of which is to be used for jail purposes, with funds
received from the sale of Bexar County Jail Bonds, dated Sep-
tember 10, 1959, aggregating the sum of $3,850,000.00.

These bonds were issued under the authority of Article 2370b,
V.C.S., (Acts 1957, 55th Leg., R.S., p. 1386, ch. 476), herein-
after called the "Act".

Certain broad powers, but none to issue bonds, are granted to
Commissioners Courts in Section 1 of the Act, which follows:

      "Section 1. Whenever the Commissioners
    Court of any county determines that the county
    courthouse is not adequate in size or facili-
    ties to properly house all county and district
    offices and all county and district courts and
    all justice of the peace courts for the pre-
    cincts in which the courthouse is situated, and
    to adequately store all county records and
    equipment (including voting machines) and/or
    that the county jail is not adequate in size
    or facilities to properly confine prisoners
    and other persons who may be legally confined

or detained in a county jail, the Commissioners Court may <u>purchase, construct, reconstruct, remodel, improve and equip, or otherwise acquire an office building or buildings, or courts building or buildings, or jail building or buildings (in addition to the existing courthouse and/or jail), or an additional building or buildings in which any one or more of the county or district offices or county, district or justice of the peace courts, or the county jail or any other county facilities or functions may be housed, conducted and maintained; and may purchase and improve the necessary site or sites therefor</u>, and may use such building or buildings for any or all of such purposes, provided that any such building or buildings so acquired shall be located in the county seat, and provided that no justice of the peace court shall be housed, conducted or maintained in any such building if said building is located out of the boundaries of the precinct of such justice of the peace court." (Emphasis added)

The power to issue bonds, and the purposes for which they may be issued, are contained in Section 3 of the Act, which is, in part, as follows:

"Sec. 3. To pay for the <u>purchase, construction, reconstruction, remodeling, improvement and equipment of any such building or buildings and/or jails, including the purchase and improvement of the site or sites therefor</u>, the Commissioners Court is authorized to issue negotiable bonds of the county and to levy and collect taxes in payment thereof, . . . ; and the issuance of such bonds and the levy and collection of such taxes shall otherwise be in accordance with the provisions of Chapter 1, Title 22, Revised Civil Statutes of Texas,

> governing the issuance of bonds by cities,
> towns and/or counties in this State."
> (Emphasis added)

It is clear that bonds may be issued for any one or all of
the several purposes specified in Section 3, above, pro-
vided such purpose, or purposes, are clearly stated by the
Commissioners Court in the proposition submitted to the
property taxpaying voters of the county and approved by them
at an election properly called and held in accordance with
the requirements of Chapter 1, Title 22, Revised Civil Stat-
utes of Texas, and provided all other requirements of law are
properly observed.

But all of the purposes of issue named in Section 3 were not
included in the proposition as worded by the Bexar County
Commissioners Court and voted upon by the property taxpaying
voters in this instance. As pertains to the manner of acqui-
sition of a County Jail building the word "construction" was
singled out by the Commissioners Court, and only that one word
appears in that connection in the voted proposition and through-
out the election proceedings, viz: ". . . for the purpose of
paying for the construction and equipment of a County Jail
building, including the purchase and improvement of the site
therefor, . . ." (Emphasis added).

Thus, the Commissioners Court chose to sharply narrow the propo-
sition submitted to the voters, omitting the words "purchase",
"reconstruction", "remodeling", "improvement", and "buildings".

There can be no doubt that the Commissioners Court possessed
the power to thus limit and restrict the purpose to be voted
upon for it is specifically granted in Section 4 of the Act,
which is as follows:

> "Sec. 4. The Commissioners Court may
> submit at any bond election one proposition
> for the issuance of such bonds which propo-
> sition may include all the purposes authorized
> herein for which such bonds may be issued; or
> it may, at its option, submit at any bond

> election one or more separate propositions
> for the issuance of such bonds, each of which
> separate propositions may include <u>any one or</u>
> <u>more of the purposes authorized herein for which</u>
> <u>such bonds may be issued."</u>   (Emphasis added)

The word "construction" is of definite and limited meaning. In its ordinary sense it means to build or erect something which theretofore did not exist; the creation of something new, as distinguished from the repair or improvement of something already existing.  <u>Carlson v. Kitsap County</u>, Supreme Court of Washington, 124 Wash. 155, 213 P. 930, 931; <u>Board of</u> <u>Supervisors of Covington County v. State Highway Commission</u>, Supreme Court of Mississippi, 194 So. 743, 748, 188 Miss. 274. And it has been held that a statute authorizing a town to "construct" a town hall can not be construed as authorizing the purchase of a building already constructed.  <u>Barker v.</u> <u>Town of Floyd</u>, Supreme Court of New York, 66 N.Y.S. 216, 217, 32 Misc. 474.

An applicable dictionary definition of the word "construction" is the "Process or art of constructing; act of building; erection; act of devising and forming; fabrication; composition; . . ."  <u>Webster's New International Dictionary, Second Edition,</u> <u>Unabridged,</u> p. 572 (1957).

It is fundamental that the proceeds of bonds voted for a particular purpose by the people constitute a trust fund which must be expended for the purpose for which the bonds were voted and may not be diverted from such purpose and applied to some other use.  <u>Clark, et al v. Greer, et al</u>, (Civ.App.) 232 S.W.2d 876 (No writ history); <u>Gillham v. City of Dallas</u> (Civ.App.) 207 S.W.2d 978, 983 (Writ ref., n.r.e.); <u>Lewis v.</u> <u>City of Fort Worth</u>, 89 S.W.2d 975, 126 Tex. 458; <u>Moore v. Coffman</u>, 189 S.W. 94, affirmed 200 S.W. 374, 109 Tex. 93; <u>McQuillin, Muni-</u> <u>cipal Corporations</u>, Vol. 15, p. 598, et seq.

It is our opinion that funds derived from the sale of bonds voted by the people for the purpose of "paying for the construction and equipment of a County Jail building, including

the purchase and improvement of the site therefor" may not be used for the purchase of an existing structure, a portion of which is to be used for jail purposes.

Of course, in the purchase and improvement of a site for the County Jail building the Commissioners Court, in the exercise of its sound discretion and pursuant to the terms of its contract with the City of San Antonio, may choose such land as it deems proper. The fact that such tract, or tracts, of land at the time of purchase has thereon an existing structure, or structures, would have no bearing upon the authority of the Commissioners Court to acquire the land. The Commissioners Court, after the site is acquired, may then utilize or demolish such structures, if any, as it might, in the exercise of its sound discretion, determine would be proper in improving the site for the County Jail building. However, it is clear that none of these bond funds could be expended upon such structures.

## SUMMARY

Bond proceeds voted for the construction and equipment of a County Jail building, including the purchase and improvement of the site therefor, may not be used to purchase an existing structure, a portion of which is to be used for jail purposes, although such proceeds may be used to purchase and improve the site for the County Jail building.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Howard W. Mays
Howard W. Mays
Assistant

HWM-s
APPROVED:
OPINION COMMITTEE
Morgan Nesbitt, Chairman

Charles D. Cabaniss
C. Dean Davis
Grundy Williams
REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore