258 So.2d 232 (1972)
Mrs. Beatrice MUIRHEAD et al., Complainants-Appellants,
v.
PILOT PROPERTIES, INC., et al., Defendants-Appellees.
No. 46615.
Supreme Court of Mississippi.
February 7, 1972.
James A. Peden, Jr., Stennett, Wilkinson & Ward, Jackson, for complainants-appellants.
Watkins, Pyle, Ludlam, Winter & Stennis, Robert H. Weaver, Watkins & Eager, Velia Ann Mayer, Dale Danks, Jr., W.F. Goodman, Jr., John E. Stone and Edgar Dale Ingels, III, Jackson, for defendants-appellees.
PATTERSON, Justice:
This is an appeal from a decree of the Chancery Court of the First Judicial District of Hinds County which dismissed the amended bill of complaint subsequent to sustaining a demurrer.
The appellants, complainants below, filed a bill to enjoin the appellees from proceeding with plans for construction of 184 dwelling units on an 18-acre tract of land which had been purchased from the City of Jackson. Upon completion the project is to be leased to the Jackson Housing Authority to be operated as a low income rental project subsidized by an agency of the federal government.
Public housing legislation was initially given sanction by the Mississippi Legislature in 1938, appearing as Mississippi Code 1942 Annotated section 7300 (1952). The powers of this section are extremely broad and include the power to develop and construct housing projects which are both owned and operated by the housing authority as well as the power to lease facilities which are privately owned.
The Mississippi Legislature in 1962 through the enactment of Section 7300.5 (Supp. 1971) sought to restrict the power of housing authorities. This section reads in part as follows:
No housing authority ... shall contract with the... United States Housing Authority ... for dwelling accommodations to be developed for residential uses under authority of the Housing Authorities Act... .

*233 Provided, however, that nothing in the Act shall apply to any municipality who has prior to the passage of this Act adopted ... resolution declaring the municipality's intentions to construct public housing ... projects, adopted prior to July 1, 1962. (Emphasis added).
The Mississippi Legislature in 1966 through Section 7322-21 et seq. (Supp. 1971), authorized contracting with the United States Government or its agents through housing authorities without regard to Section 7300.5, when an appropriate resolution declaring the intent to enter an urban renewal or public housing contract had been approved by a three-fifths vote of the qualified electors of the municipality.
The appellants allege that Section 7300.5 prohibits all contracting between housing authorities and the United States Government or any of its agents except by those municipalities whose governing authorities have adopted a resolution declaring their intention to come under the Public Housing Act prior to July 1, 1962, or by those municipalities which have followed the procedures set forth in Section 7322-21, et seq. (Supp. 1971).
Appellants argue that the failure of the Jackson City Council to adopt an appropriate resolution until September 30, 1969, voids this housing contract and that the provisions of Section 7322-22 and Section 7322-23 (Supp. 1971), which outline the requirements for a resolution of the qualified electors of a city, must be adhered to before the contract can be valid and final.
The basis for the decision of this Court is couched in an interpretation of Section 7300.5 and in particular the terms "develop" and "construct". This Court must decide whether the private leasing agreement executed by the City of Jackson is an endeavor to "develop" or "construct" and is thus prohibited by Section 7300.5.
The term "develop" has generally been interpreted when used in connection with real estate to mean the converting of a tract of land into an area suitable for residential or business uses. People v. Embassy Realty Associates, 73 Cal. App.2d 901, 167 P.2d 797 (1946).
This Court has addressed itself to the term "construction" and indicated that the word means, in its ordinary sense, to build or to erect something which theretofore did not exist. Trahan v. State Highway Com'n, 169 Miss. 732, 151 So. 178 (1933).
We are of the opinion that the leasing contract between the Jackson Housing Authority and Pilot Properties, Inc. was neither a form of "development" nor of "construction" and therefore the contract was not prohibited by Section 7300.5 which required, among other things, that the matter be submitted to the electors of the city for resolution.
We conclude, therefore, that the court below properly construed the provisions before us and its decision should be affirmed.
Affirmed.
GILLESPIE, C.J., and INZER, SMITH and ROBERTSON, JJ., concur.