SMITH, Justice:
West Jackson Homeowners and Voters Association, and others, suing as voters, property owners and taxpayers of the City of Jackson, for themselves and all others similarly situated, initiated the litigation out of which the present appeal arises by filing their bill in the Chancery Court of the First Judicial District of Hinds County against Jackson Housing Authority, City of Jackson, and others, seeking to have declared void a “contribution contract” between the Housing Authority and the United States, which contemplated the leasing by the Housing Authority of privately constructed and owned housing units for the purpose of providing inexpensive housing to persons of low income, and contributions in aid of that project from the United States.
As in Muirhead v. Pilot Properties, Inc., 258 So.2d 232 (Miss.1972), decided by this Court February 7, 1972, the bill charged that the contract contravened Mississippi Code 1942 Annotated Section 7322-21 et seq. (Supp.1971) and particularly Section 7300.5. As in Miiirhead, it was alleged that it was an indispensable condition precedent to the entering into a contract of this kind by the municipal authorities that the proposal to do so be submitted to the qualified electors of the municipality in an election to be called and held for the purpose and approved by three-fifths of the electors as provided in the statute.
Demurrers were filed to the bill by the defendants, and these demurrers, after stating as a first (and separate) ground-the general objection that there was no equity on the face of the bill, added several other distinct and separate affirmative objections, including an averment that the judgment in Muirhead was res judicata and barred the present suit. Much, if not most of the argument generated on this appeal has come about because of the insertion in the general demurrers of this affirmative matter.
The trial court sustained the general demurrer of the Housing Authority, apparently upon the theory that the defense of res judicata was sufficiently established by the demurrers. The general demurrer of the City of Jackson was overruled as such but a special demurrer filed by it was sustained, apparently upon the ground that the City of Jackson was not a proper party, not having been a signatory to the contract. The complainants declined to amend in any respect and a decree was entered dismissing the bill finally. It is from that decree that the present appeal is prosecuted.
An examination of the bill of complaint and its controlling exhibits makes it sufficiently clear that the low rent housing contemplated by the contract between the Housing Authority and the United States is housing to be privately constructed, upon private property, to be privately owned, and merely leased to Housing Authority, which, in turn, is to receive “contributions” with respect thereto from the United States.
Res judicata is not a defense ordinarily capable of being sufficiently established by affirmative averments in a demurrer. Of course, since the trial court was not dealing with a plea or answer, neither the record in Muirhead nor any other evidence was offered. In adopting the theory of res judicata the trial court was in error, but his actions in sustaining *80 the demurrers and in dismissing the bill were correct, nevertheless, since the precise contentions advanced by appellants in their bill were ruled upon and rejected by this Court in Muirhead. Tn Muirhead, this Court said:
The basis for the decision of this Court is couched in an interpretation of Section 7300.5 and in particular the terms “develop” and “construct”. This Court must decide whether the private leasing agreement executed by the City of Jackson is an endeavor to “develop” or “construct” and is thus prohibited by Section 7300.5.

We are of the opinion that the leasing contract between the Jackson Housing-Authority and Pilot Properties, Inc. was neither a form of “development” nor of “construction” and therefore the contract was not prohibited by Section 7300.5 which required, among other things, that the matter be submitted to the electors of the city for resolution. (258 So.2d at 233).
The demurrers effectively challenged the sufficiency of the bill to state a cause of action against the defendants. The affirmative averments must be regarded as surplusage, ineffectual but harmless.
We adhere to the ruling in Muirhead and, since the trial court reached the right result, albeit upon a wrong theory, the decree dismissing the bill will be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.