Dear Mr. Brumfield:
You have requested an opinion of the Attorney General relative to the interpretation of two ad valorem tax propositions as they apply to the Morehouse Parish Health Unit. The Morehouse Parish Health Unit is presently housed in a privately owned building leased to the police jury. The owner has offered to sell the building to the parish. You request our opinion as to whether the two propositions, in question, authorize this acquisition.
The health unit tax proposition provides:
 "Shall the Parish of Morehouse, State of Louisiana, under the provisions of Article VI, Sections 30 and 32 of the Constitution of the State of Louisiana of 1974, be authorized to levy and to collect a special tax of one (1) mill on all the property subject to taxation within said Parish, for a period of ten (10) years beginning with the year 1992 and ending with the year 2001, inclusive, for the purpose of constructing, equipping, maintaining and operating a parishwide Health Unit for the Parish, title to which shall be in the public?" (Emphasis added.)
The public buildings tax renewal proposition provides:
 "Shall the Parish of Morehouse, State of Louisiana, under the provisions of Article VI, Sections 30 and 32 of the Constitution of the State of Louisiana of 1974, be authorized to continue to levy and collect a special tax of nine-tenths of one mill (0.9 mill) on all the property subject to taxation within the Parish, for a period of five (5) years beginning with the year 1993 and ending with the year 1997, inclusive, for the purpose of constructing, preparing, renovating, equipping, maintaining and operating public buildings, including without limitation, health unit facilities for the Parish, title to which shall be in the public?" (Emphasis added.)
La. Const. Art. VI, Section 26 (B) governing special millages such as these, provides:
 "When the millage increase is for other than general purposes, the proposition shall state this specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in effect. All proceeds of the tax shall be used solely for the purpose or purposes set forth in the proposition."
Further, LSA-R.S. 39:704 provides, in pertinent part, the following:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the object and purposes for which the tax was levied. . . ."
Since the scope of the authority for expenditure of millage revenues is concomitant to the consent of the electorate, the ordinary sense of the words contained in the propositions is dispositive of their meaning for the electorate approving the special millage. In our opinion, the issue presented herein can be narrowed to that of whether the word "construction," as used in both propositions can be interpreted to include "acquisition."
"Construct" or "construction" is defined by Webster's New Collegiate Dictionary as "1: to make or form by combining parts: BUILD."
"Construction" is defined by Black's Law Dictionary as "The creation of something new, as distinguished from the repair or improvement of something already existing."
While we were unable to find any Louisiana cases on point, in Muirhead v. Pilot Properties, Inc., Miss., 258 So.2d 232, 233, the court held that the term "construction" means, in its ordinary sense when used in connection with real estate, to build or to erect something which theretofore did not exist. See also, Con. v. McHugh, 178 A.2d 556, 558, 406 Pa. 566, in which the court interpreted "construction" of a building to mean the erection of a new building and not the repair of an old one.
In Barker v. Town of Floyd, 66 N.Y.S. 216, 217, 32 Misc. 474, the court held that a statute authorizing a town to "construct" a town hall cannot be construed as authorizing the purchase of a building already constructed.
Based on the above, it is the opinion of this office that the ad valorem tax revenues generated or to be generated by the propositions, in question, cannot be used by the parish for the purpose of purchasing the building currently housing the parish health unit.
It should be noted that the parish could request the voters to rededicate the proceeds of one or both taxes so as to include not only construction, but acquisition.
Trusting this adequately responds to your request, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III lbw-0022R