*J. L. Farrar*, *N. O. Ross*, and *R. P. Effinger*, for appellee.

---

## The Indianapolis, Pittsburg, and Cleveland Railroad Company v. Brownenburg.

RAILROAD.—*Contract.—Negligence.*—A land-owner granted a railroad company the right of way for its road over his land, in part consideration of which the company agreed, that whatever damage might be done to the grantor's property by the running of the cars on said railroad should be reimbursed by the company.

*Held*, that the railroad company was not bound by this contract to answer in damages for the consequences of the land-owner's negligence.

*Held*, also, that it was negligence on the part of the land-owner to confine his animals in an enclosure embracing a portion of the railroad track,

where it was crossed by a private lane, with no bars or other appliances to restrain them from loitering on the track; and that where being so confined, they were injured without carelessness of the persons running the cars, the company was not liable.

APPEAL from the Madison Circuit Court.

FRAZER, C. J. — This case originated before a justice, whence it was appealed to the circuit court, where the appellee had judgment for twenty-five dollars. It is here on the evidence, a motion for a new trial having been overruled.

The appellee granted the appellant the right of way for its railroad, in consideration of which the appellant, amongst other things, agreed that "whatever damage might be done to his (the appellee's) property by the running of the cars on said railroad is to be reimbursed" by the company. The plaintiff resided on the north side of the railroad, but had a pasture inclosed on the south side, with a private lane running from near his house southward across the railroad to the pasture. The north end of this lane was closed by bars, but when animals were turned into the pasture there was nothing to keep them off the railroad at the crossing. Cattle-guards on each side of the lane kept animals from following the line of the railroad. A hog of the plaintiff, confined in the lane and pasture, was killed by the cars at this crossing. There was no evidence of carelessness by the persons running the cars.

It is not a fair construction of the company's contract to hold them bound to answer in damages for the consequences of the plaintiff's own negligence. To confine his animals in an inclosure embracing a portion of the railroad track, with no bars or other appliances to restrain them from loitering on it—a place of known danger—was, in our opinion, negligence on his part, the consequences of which must fall upon himself.

Judgment reversed, with costs; cause remanded for a new trial.

J. A. Harrison, for appellant.

R. Lake, for appellee.