Walter NORKUS, Plaintiff,

v.

GENERAL MOTORS CORPORATION,
Defendant,

v.

The ROBERT CARTER CORPORATION,
Third-Party Defendant.

No. IP 62–C–79.

United States District Court
S. D. Indiana,
Indianapolis Division.

June 28, 1963.

Arthur L. Payne, Indianapolis, Ind., for plaintiff.

Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for General Motors Corporation.

Ross, McCord, Ice & Miller, Indianapolis, Ind., for third-party defendant Robert Carter Corporation.

STECKLER, Chief Judge.

This cause came before the court upon the motion of the third party defendant, The Robert Carter Corporation, to dismiss the third party complaint upon the ground that such complaint fails to state a claim upon which relief can be granted, because the indemnity agreement which is the basis of the third party complaint does not provide for indemnity for the indemnitee's own negligence. After considering the motion, together with the briefs in support thereof, and in opposition thereto, and being duly advised in the premises, the motion is hereby granted and the third party complaint is ordered dismissed.

The original complaint is a claim for damages by the plaintiff, Walter Norkus, an employee of The Robert Carter Corporation, against the defendant and third party plaintiff, General Motors Corporation, for damages for personal injuries allegedly sustained by such employee while engaged in the services of The Robert Carter Corporation upon the

premises of, and allegedly caused by the negligence of, General Motors Corporation. The third party complaint alleges that Walter Norkus filed a complaint against General Motors Corporation; that General Motors Corporation entered into a contract with the DeVilbiss Metal Fabricators Company (not a party to this action), by the terms and conditions of which, certain labor, equipment and material was fabricated, delivered and installed at a plant operated by General Motors; that DeVilbiss Metal Fabricators Company entered into a subcontract with The Robert Carter Corporation for the performance of certain portions of the contract above mentioned; that Walter Norkus, at the time of the performance of the work was an employee of The Robert Carter Corporation; and that under and pursuant to the terms and provisions of the agreement entered into by The Robert Carter Corporation, that corporation agreed, among other things, that:

"Subcontractor shall indemnify and save DeVilbiss and any owner harmless against all claims for damages to property or injuries to persons (including DeVilbiss and owner's employees) growing out of the execution of the work. Until completion and final acceptance of the work subcontractor shall maintain compensation insurance covering his employees and general and automobile liability insurance against all claims for damages for personal injury or death suffered by persons other than his employees, or damage to property growing out of the execution of the work; such insurance shall be carried in a company or companies and as to liability insurance in such amounts as are acceptable to DeVilbiss. Before commencing the work, subcontractor shall furnish a certificate from his insurance carrier showing that he has complied with the foregoing provisions of this article and providing that such policies will not be changed or cancelled during their term until after at least ten days' written notice to DeVilbiss. In the event of failure of subcontractor to furnish and maintain such insurance, DeVilbiss shall have the right to take out and maintain such insurance for and in the name of subcontractor and subcontractor agrees to pay the cost thereof and to furnish all necessary information to permit DeVilbiss to take out and maintain such insurance for his account. Compliance with the foregoing requirements as to carrying insurance and furnishing certificates shall not relieve subcontractor from liability under this article.

\* \* \* \* \* \*

"Subcontractor is familiar with the contract and specifications governing DeVilbiss obligations to owner, and will be bound by the terms thereof as well as the terms of this purchase order; if you find any inconsistencies, you agree to bring them to our attention immediately."

The third party complaint then prays for judgment against The Robert Carter Corporation for all sums that may be adjudged against General Motors Corporation in favor of Walter Norkus.

A contract of indemnity which purports to relieve the indemnitee of his own negligence is to be strictly construed and will not be held to provide such indemnification unless so expressed in clear and unequivocal terms. See 42 C.J.S. Indemnity § 12; 27 Am.Jur. Indemnity § 15. Compare Indianapolis P. & C. R. Co. v. Brownenburg, 32 Ind. 199 (1869). But see Jacksonville Terminal Co. v. Railway Express Agency, Inc., 296 F.2d 256 (5th Cir.1961), cert. denied, 369 U.S. 860, 82 S.Ct. 949, 8 L.Ed.2d 18 (1962). As a general rule, it is not required that there be an express reference to the negligence of the indemnitee. 42 C.J.S. Indemnity § 12. But see George Sollitt Construction Co. v. Gateway Erectors, Inc., 260 F.2d 165, 170 (7th Cir. 1958), cert. denied, 359 U.S. 925, 79 S.Ct. 608, 3 L.Ed.2d 628 (1959).

The language in the instant contract is well adapted to defining the area of ap-

plication, but not to defining the cause, in terms of physical or legal responsibility; the fact that a claim may grow out of the execution of the work whether caused by the negligence of the indemnitee, the indemnitor or a third person, is the very reason why indemnity for the indemnitee's own negligence must be specifically, not generally, prescribed. See Batson-Cook Co. v. Industrial Steel Erectors, 257 F.2d 410, 413, 414 (5th Cir. 1958).

The contract provides for indemnity for "all claims for damages to property or injuries to persons (including DeVilbiss and * * * [General Motors Corporation's] employees) growing out of the execution of the work." The specific mention of claims by employees of DeVilbiss and employees of General Motors Corporation, with no mention of employees of The Robert Carter Corporation, at least lends weight to the court's view that the contract does not clearly and unequivocally express an intent to include indemnity for the indemnitee's own negligence, particularly in view of Ind.Ann.Stat. § 40–1213 (1962 Supp.) which permits an injured employee to sue third party tortfeasors.

Here the insurance provisions, while helpful in construing the scope of indemnity, are not conclusive, particularly in view of the provision that compliance with the requirements as to carrying insurance does not relieve the indemnitor of liability. If the insurance provisions were conclusive in construing the scope of indemnity contracted for, the requirement that "subcontractor shall maintain compensation insurance covering his employees and general and automobile liability insurance against all claims for damages for personal injury or death suffered by persons *other than his* [The Robert Carter Corporation's] *employees*" would favor the court's construction of the contract. [Emphasis added.] Recognizing that the owner, General Motors Corporation, and DeVilbiss Metal Fabricators Company could be held liable to The Robert Carter Corporation's employees by reason of negligence on their

part, it would seem that if they intended to include indemnity for the indemnitee's own negligence they would have included a requirement for insurance covering claims by The Robert Carter Corporation's employees, rather than specifically excluding them from the requirement for general and automobile liability insurance coverage.

For the reasons stated, the court concludes that the contract of indemnity here relied on does not impose liability for indemnity upon the third party defendant in this case, and the third party complaint is, accordingly, dismissed.