FRANK MAZZIOTTI *v.* STATE OF INDIANA.

[No. 3-175A1. Filed March 17, 1976.]

*Jerrald A. Crowell, Bowman, Crowell & Swihart*, of Fort Wayne, *Joseph A. Williams*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *John R. O'Bryan*, Deputy Attorney General, for appellee.

GARRARD, J.—On February 11, 1974 appellant, Frank Mazziotti, was observed breaking into an automobile which was parked on a lot near the railroad passenger station on Baker Street in Fort Wayne, Indiana. These observations were reported to Jack Swygart, a duly commissioned railroad policeman who was in his office in the station. Swygart immediately went to the parking lot where he observed Mazziotti exit an automobile and appear to place something in a second automobile that was stopped nearby. Swygart identified himself as a railroad policeman and asked Mazziotti if he was the owner of the first car. Mazziotti then yelled, "get out of here," the second car sped away, and Mazziotti ran. He was caught by Swygart and after a struggle, was arrested.

Subsequently, he was charged with theft, resisting arrest and fleeing a police officer. He pleaded guilty to theft and was tried by the court and found guilty of the additional charges. On appeal he challenges only the conviction for resisting arrest.

The statute upon which that charge was based, IC 1971, 35-21-4-1, provides:

"Whoever shall forcibly assault, resist, oppose, obstruct, prevent, impede or interfere with any peace or police officer of this state, or any person assisting him, while such officer is arresting or attempting to arrest any person, or while such officer is engaged in the execution of the duties of such peace or police officer, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not to exceed one hundred dollars [$100] or imprisoned not more than six [6] months, or both."

It is Mazziotti's principal contention that a railroad policeman, although duly commissioned by the state, is not a "peace or police officer *of this state*" within the meaning of the statute.

We disagree. The statute providing for the commissioning of such officers by the state specifies:

"... Every policeman who is appointed and commissioned as provided in this act shall have, exercise and possess, throughout the state, while engaged in the discharge of his duties as such policeman, the powers of sheriffs, marshals, constables and municipal police officers, except in the service of civil process." IC 1971, 8-3-17-2.

"Such policemen shall enforce and compel obedience to the laws of this state and to the ordinances of the cities and towns thereof, when engaged in the discharge of their duties as policemen for such company, and the keepers of jails, lock-ups and station-houses, in any county, city or town shall receive all persons arrested by such policemen for the commission of any offense against the laws of this state, or the ordinances of any such city or town, to be dealt with according to law, and persons so arrested shall be received by such keepers of jails, lock-ups or station-houses, on the same basis, and such persons shall have the same status as prisoners arrested by any *other* peace officer of the state of Indiana." (Our emphasis) IC 1971, 8-3-17-3.

These provisions clearly empower commissioned railroad police as public peace officers while they are engaged in the performance of their duties. As such, they are within the purview of IC 1971, 35-21-4-1.

Mazziotti also argues that even if the resisting arrest statute is applicable, the conviction must be set aside because there was no testimony establishing Swygart's duties or establishing that the parking lot was in fact railroad property. It is true that the prosecuting attorney failed to ask any questions to elicit this information. However, we do not believe the omissions are controlling. The evidence was sufficient to establish that Swygart was a duly commissioned railroad policeman and that he was on

duty at the time in question. As such, he had the general duty pursuant to IC 1971, 8-3-17-3 to enforce the laws of the state. It was, in fact, his obligation to make the arrest.

The conviction is therefore affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 343 N.E.2d 816.