**Richard B. OGILVIE, as Trustee of the Property of Chicago, Milwaukee, St. Paul & Pacific Railroad Company, Debtor, Defendant-Appellant,**

v.

**Leonard STEELE, Jr., and Brenda Steele, Jennifer Steele and Vanessa Steele, Minors by next friend, Brenda STEELE, Plaintiffs-Appellees,**

**Consolidated Rail Corporation; Kenneth L. Walker, Defendants-Appellees.**

No. 3–1282A342.

Court of Appeals of Indiana, Third District.

Aug. 8, 1983.

**168**

Henry J. Price, David F. Snively, James B. Lootens, Barnes & Thornburg, Indianapolis, David C. Jensen, Eichhorn, Eichhorn & Link, Hammond, for defendant-appellant.

Harold Abrahamson, Abrahamson, Reed & Tanasijevich, Hammond, for defendant-appellee Consol. Rail Corp.

STATON, Judge.

The Steele family was injured when their van collided with a train owned and operated by the Chicago, Milwaukee, St. Paul & Pacific Railroad Company (Chicago Railroad). The Steeles sued Chicago Railroad for the negligent operation of its train and they sued the Consolidated Railroad Corporation (Conrail), the owner of the railroad tracks, for negligent maintenance of its railroad crossing. Pursuant to its lease agreement with Chicago Railroad, Conrail filed a cross-claim against the Chicago Railroad for indemnification against Conrail's own negligence. In a motion for summary judgment on Conrail's cross-claim, Chicago Railroad unsuccessfully challenged the validity of the lease's indemnification clause. Chicago Railroad appeals the denial of its motion for summary judgment and raises the following issues:

(1) Is the indemnification clause void as against public policy because the lease agreement is a "construction contract" under IC 1982, 26-2-5-1 (Burns Code Supp.)?

(2) Does the indemnification clause "clearly and unequivocally" show that Chicago Railroad "willingly and knowingly" agreed to indemnify Conrail against Conrail's own negligence when the accident involved only Chicago Railroad's train?

Affirmed.

## I.

### Construction Contract

■ Trial courts grant summary judgments pursuant to Ind.Rules of Procedure, Trial Rule 56, to terminate cases without factual dispute and which may be determined as a matter of law. Although TR. 56 helps expose spurious cases and eliminate undue burdens on litigants, the courts must exercise caution to ensure a party of his right to a fair determination of a genuine issue. Improbability of recovery by one party does not justify summary judgment for the opposition. *Bassett v. Glock* (1977), 174 Ind.App. 439, 443, 368 N.E.2d 18, 20–21.

■ Summary judgments result when the court applies the law to undisputed facts. It may consider affidavits, depositions, admissions, interrogatories, and testimony. *Bassett, supra.* In addition, the court must consider as true the facts set forth in the opposition's affidavits and liberally construe the discovery in his favor. *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, 1184.

■ On review of a denial of summary judgment this Court must determine if there exists any genuine issue of material fact. *Hale v. Peabody Coal Co.* (1976), 168 Ind.App. 336, 339, 343 N.E.2d 316, 320. Any doubt about the existence of a genuine issue of material fact must be resolved against the moving party. Moreover, even if the facts are undisputed, summary judgments are inappropriate when the evidence before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Id.*

The record reveals that at the time of the accident Chicago Railroad had a lease agreement with Conrail to operate its trains over some of Conrail's railroad tracks. The lease provided liability indemnification of both parties under certain circumstances. Chicago Railroad contends that the trial court erred when it denied the summary judgment motion on Conrail's cross-claim. It asserts that the lease is a "construction contract" or at least is collateral to or affects such a contract which, under IC 1982, 26–2–5–1 (Burns Code Supp.), can not include a clause that indemnifies a party against its own negligence.

IC 26–2–5–1 prevents a party from contracting out of liability for his negligence. It reads:

"Agreements of indemnification void— Exception.—All provisions, clauses, covenants, or agreements contained in, collateral to, or affecting any construction or design contract except those pertaining to highway contracts, which purport to indemnify the promisee against liability for:

(1) death or bodily injury to persons;

(2) injury to property;

(3) design defects; or

(4) any other loss, damage or expense arising under either (1), (2) or (3); from the sole negligence or wilful misconduct of the promisee or the promisee's agents, servants or independent contractors who are directly responsible to the promisee, are against public policy and are void and unenforceable. [IC 1971, 26–2–5–1, as added by Acts 1975, P.L. 276, § 1, p. 1524.]"

This statute voids agreements to indemnify against one's own negligence in all construction contracts except highway contracts. Recently, this Court addressed the scope of this statute in *Fort Wayne Cablevision v. Indiana & Michigan Electric Co.* (1983), Ind.App., 443 N.E.2d 863.

In *Cablevision,* this Court determined that the purpose of IC 26–2–5–1 is to protect employees in the construction industry and the public from irresponsible contractors who have shifted their own liability onto a subcontractor whose insurance does not cover contract liability. *Id.* at 869–70. Further, the Court held that this statute did not apply to a contract which provided for the attachment of cable equipment to existing utility poles. *Id.* at 869–71. It said that the plain and ordinary meaning of the contract language did not place the contract within the definition of a "construction contract." *Id.* at 869–70. The Court acknowledged that a construction contract involves

hazardous construction work requiring safe working conditions and ultimately a safe product. *Id.* at 871. Construction work means to build, erect, or create. *See Muirhead v. Pilot Properties, Inc.* (1972), Miss., 258 So.2d 232, 233.

■ Chicago Railroad's lease with Conrail is not a "construction contract" within IC 26–2–5–1. The crux of the lease is to authorize Chicago Railroad's use of Conrail's railroad tracks. It does not require Chicago Railroad to build anything in connection with its use of the tracks. Therefore, the lease is not a "construction contract" pursuant to IC 26–2–5–1. Chicago Railroad highlights the sparse lease provisions that speculate about additional trackage; it asserts that if the lease is not itself a "construction contract" these provisions at least make the lease one which is "collateral to" or "affecting" a "construction contract." We disagree. Mere speculation of additional trackage does not persuade us to define this lease as collateral to or affecting a "construction contract." Therefore, the trial court did not err when it found IC 26–2–5–1 inapplicable to this lease.

## II.

### Indemnification

Chicago Railroad contends that the indemnification clause does not "clearly and unequivocally" require it to indemnify Conrail against Conrail's own negligence. It alleges that therefore the trial court erred by denying its request for summary judgment on Conrail's cross-claim. We disagree.

■ In the absence of prohibitive legislation, there is ordinarily no public policy which prevents parties from contracting as they desire. *Center Township of Porter County v. City of Valparaiso* (1981), Ind. App., 420 N.E.2d 1272, 1275. A party may contract to indemnify itself against its own negligence only if the other party "knowingly and willingly" agrees to indemnify. *Vernon Fire & Casualty Ins. Co. v. Graham* (1975), 166 Ind.App. 509, 511, 336 N.E.2d 829, 831. However, courts disfavor such indemnification clauses because it is a harsh burden to obligate one party to pay for the negligence of the other party. *Indiana State Highway Com'n v. Thomas* (1976), 169 Ind.App. 13, 31–32, 346 N.E.2d 252, 263.

■ We have long recognized that a party would not lightly accept such a burden. *Id.* 346 N.E.2d at 263. Accordingly, the language of the indemnification clause must reflect the indemnitor's "knowing and willing" acceptance of the burden. *Id.* Therefore, the clause must expressly state, in "clear and unequivocal" terms, that the indemnitor agrees to indemnify the indemnitee against the indemnitee's own negligence. *Id.* 346 N.E.2d at 261, 263; *Vernon, supra* 336 N.E.2d at 832. To be "clear and unequivocal" the clause must define the "cause [of damage] in terms of legal or physical responsibility." *Id.* We must examine the lease to determine whether it meets these prerequisites.

■ Upon examination of the lease, we give the words their ordinary and common meaning unless the intended meaning is clear from the contract's subject-matter. *Cablevision, supra,* at 865. In addition, we will read the lease as a whole to ascertain the intended meaning. *Id.* Application of these rules reveals that the trial court did not err in finding that Chicago Railroad agreed to indemnify Conrail against its own negligence.

■ Chicago Railroad's duty to indemnify Conrail is limited by the scope of the indemnity clause. *Cablevision, supra* at 867. The clause reads as follows:

"Article 10.  LIABILITY

*Whenever any loss* of, damage to, or destruction of any property whatsoever, or injury to or death of any person or persons whomsoever, *occurs with the trains,* locomotives, cars or equipment *of one party only* being *involved, that party shall assume all liability therefor,* and all cost and expense in connection therewith, *and shall indemnify the other party against and save it harmless from any such liability, cost and expense.* When any such *loss,* damage, destruction, injury

or death *occurs with the trains,* locomotives, cars or equipment *of both parties being involved, each party agrees to assume all liability for loss of or damage to said* trains, locomotives, cars or equipment operated by it (including lading) and for injury to or death of its sole employees and persons in its care and custody, and the parties further agree that *injury to or death of any other person* or persons whomsoever, and loss, damage or destruction of all other property (including the trackage section) occurring, *shall be borne equally by them. The foregoing provisions shall apply regardless of considerations of fault or negligence."*

(Emphasis added.)

This clause provides that the party whose property was involved in an accident would completely indemnify the uninvolved party.[1] These terms "clearly and unequivocally" show that Chicago Railroad "knowingly and willingly" agreed to indemnify Conrail from Conrail's own negligence when only Chicago Railroad's property was involved in an accident. Thus, the trial court did not err when it denied Chicago Railroad's motion for summary judgment on Conrail's cross-claim.

Affirmed.[2]

HOFFMAN, P.J., and GARRARD, J., concur.

---

1. We use "property" to mean trains, cars, locomotives or equipment.

2. Chicago Railroad asserts that the terms are ambiguous and should be construed against Conrail because Conrail drafted the lease. We did not need to construe the terms because reasonable men would not interpret the clause differently. *Cablevision, supra,* at 866. Thus, we simply determined the meaning as a matter of law. *Id.* at 867. The terms express the intent of the parties to indemnify the involved party regardless of fault or negligence or to share the liability if both have property involved.