**MOORE HEATING & PLUMBING, INC., Appellant–Defendant,**

v.

**HUBER, HUNT & NICHOLS, Appellee–Plaintiff.**

No. 28A01–9105–CV–148.

Court of Appeals of Indiana, First District.

Oct. 21, 1991.

John A. Stroh, Sharpnack, Bigley, David & Rumple, Columbus, for appellant-defendant.

Edward F. McCrea, McCrea & McCrea, Bloomington, for appellee-plaintiff.

ROBERTSON, Judge.

Moore Heating & Plumbing, Inc. (Moore) appeals from the grant of summary judgment in favor of Huber, Hunt & Nichols (Huber) on Huber's third-party complaint against Moore for indemnification. On appeal, Moore contends that the indemnification agreement is unenforceable because it does not contain the required specific reference to indemnification for damages from Huber's own negligence and that the indemnification agreement is invalid by statute. We affirm.

The evidence reveals that Huber was the general contractor for a project at the Central Foundry Division of General Motors in Bedford, Indiana. Moore entered the project as a subcontractor pursuant to a written contract with Huber. That contract contained an indemnification clause, in pertinent part as follows:

[Moore] agrees to indemnify [Huber] against and hold [Huber] harmless from any and all liability ... from any claim or cause of action of any nature arising while on or near the Job Site ... including claims relating to its ... employees, or by reason of any claim or dispute of any person or entity for damages from any cause directly or indirectly relating to any action or failure to act by [Moore], its representatives, employees, subcontractors or suppliers, and whether or not it is alleged that [Huber] in any way contributed to the alleged wrongdoing or is liable due to a nondelegable duty. It is the intent of the parties that [Moore] shall indemnify [Huber] under [this indemnification clause and the insurance clause] to the fullest extent permitted by law, however, [Moore] may not be obligated to indemnify [Huber] for the sole negligence or willful misconduct where such indemnification is contrary to law, but otherwise it is the intent of the parties that [Moore] shall indemnify [Huber] to the fullest extent permitted by law for such liability. . . .

Dirk Peterson worked at the job site as an employee of Moore. One day, as he worked on a scissors lift, it tipped and fell while operated by another worker. Peterson received injuries in the fall and obtained worker's compensation benefits for them. Peterson and his wife subsequently filed suit against Huber; and Huber, in turn, filed a third-party complaint against Moore for indemnification based upon the above clause in the contract between them. The Petersons settled their claims against Huber, and Moore moved for summary judgment.

Moore included in its motion for summary judgment a claim that the contract did not provide for indemnification for any damages caused by the negligence of Huber because it contained no express statement to that effect. Further, Moore claimed that Ind.Code 26–2–5–1 rendered the indemnification clause invalid. That statute provides:

All provisions, clauses, covenants, or agreements contained in, collateral to, or affecting any construction or design contract except those pertaining to highway

contracts, which purport to indemnify the promisee against liability for:

    (1) death or bodily injury to persons;

    (2) injury to property;

    (3) design defects; or

    (4) any other loss, damage or expense arising under either (1), (2) or (3);

from the sole negligence or wilful misconduct of the promisee or the promisee's agents, servants or independent contractors who are directly responsible to the promisee, are against public policy and are void and unenforceable.

The trial court determined summary judgment should be granted in favor of Huber. The court determined that the indemnification agreement between Moore and Huber was valid and did not violate I.C. 26-2-5-1.

Moore appeals from this entry of summary judgment. When we review a grant of summary judgment, we use the same standard applicable to the trial court. *Fort Wayne Cablevision v. Indiana & Michigan Electric Co.* (1983), Ind.App., 443 N.E.2d 863. Summary judgment is appropriate only when there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. *Sink & Edwards, Inc. v. Huber, Hunt & Nichols* (1984), Ind.App., 458 N.E.2d 291, *trans. denied.* We must reverse the grant of a summary judgment motion if the record discloses an unresolved issue of material fact or an incorrect application of the law to those facts. *Fort Wayne Cablevision*, 443 N.E.2d at 865. We note that Moore has agreed that it must indemnify Huber for any damages caused by the representatives of Moore but has denied it must indemnify Huber for damages resulting from the negligence of representatives of Huber.

### I

The indemnification agreement is enforceable because it contains a sufficient express reference to indemnification for damages resulting from Huber's own negligence.

    Ordinarily, in the absence of prohibitive legislation, no public policy prevents the parties from contracting as they desire. *Ogilvie v. Steele by Steele* (1983), Ind.App., 452 N.E.2d 167. In Indiana, a party may contract to indemnify itself against its own negligence only if the other party *knowingly* and *willingly* agrees to indemnify. *Weaver v. American Oil Co.* (1972), 257 Ind. 458, 465, 276 N.E.2d 144, 148; *Ogilvie*, 452 N.E.2d at 170; *Loper v. Standard Oil Company et al.* (1965), 138 Ind.App. 84, 211 N.E.2d 797.

    Such provisions are strictly construed, however, and will not be held to provide indemnity unless so expressed in clear and unequivocal terms. *Vernon Fire & Casualty Insurance Co. v. Graham* (1975), 166 Ind.App. 509, 336 N.E.2d 829. *Cf. The Indianapolis, Pittsburg, and Cleveland Railroad Co. v. Brownenburg* (1869), 32 Ind. 199. Courts disfavor such indemnification clauses because to obligate one party to pay for the negligence of the other party is a harsh burden which a party would not lightly accept. *Ogilvie*, 452 N.E.2d at 170. The concern with the language of an indemnity clause in this area is that it not only define the area of application, that is, negligence, but also define the cause of damages in terms of physical or legal responsibility, that is, to whom the clause applies. *See Indiana State Highway Commission v. Thomas* (1976), 169 Ind.App. 13, 27, 346 N.E.2d 252, 260 (*quoting Norkus v. General Motors Corp.* (S.D.Ind.1963), 218 F.Supp. 398). For this reason, the language of the indemnification clause must reflect the indemnitor's knowing and willing acceptance of the burden and must express the burden in clear and unequivocal terms. *Ogilvie*, 452 N.E.2d at 170.

    For example, if a clause simply states that a subcontractor shall indemnify a general contractor for any negligence which arises from the job, it is sufficient to show that the clause applies to negligence but is insufficient to inform the subcontractor that it must indemnify the general contractor for acts of the general contractor's

own negligence. The claim of negligence which arises from the job could have been caused by the negligence of the general contractor, the subcontractor, third persons, or a combination of them. This is the very reason the indemnity for the indemnitee's own negligence must be specifically, not generally, prescribed. *Thomas*, 169 Ind.App. at 27, 346 N.E.2d at 261 (*quoting Norkus v. General Motors Corp.* (S.D.Ind. 1963), 218 F.Supp. 398). Therefore, in order to reflect a knowing and willing acceptance of such a harsh burden, the indemnification clause must expressly state, in clear and unequivocal terms, that the indemnitee agrees to indemnify the indemnitor against the indemnitor's own negligence.

First, we conclude this indemnification clause expressly defines negligence as an area of application in clear and unequivocal terms. The clause speaks of liability and of claims or disputes for damages from any cause directly or indirectly relating to any action or failure to act by Moore, whether or not Huber contributed to the alleged wrongdoing or is liable due to a nondelegable duty. The clause then states that the parties intended the indemnity clause to apply for liability to the fullest extent permitted by law, except where Moore need not indemnify Huber for Huber's sole negligence when such would be contrary to law. The indemnity clause contemplates liability, damages, actions, omissions, duties, and causations. Such words are the language of negligence. In context, the words clearly, unequivocally, and expressly provide that the indemnification clause applies to negligence.

Next, we must determine whether this indemnification clause also expressly states, in clear and unequivocal terms, that it applies to indemnify Huber for negligence which is the physical or legal responsibility of Huber. We conclude that it does. The clause, having described negligence as an area of its application, then provides, "however, [Moore] may not be obligated to indemnify [Huber] for the sole negligence or willful misconduct where such indemnification is contrary to law...." This statement in the clause unquestionably, expressly, clearly, and unequivocally identifies the subject of Moore's indemnification of Huber for Huber's own negligence.

Moore claims the language contained in the indemnification clause is insufficient because it does not contain a specific, explicit reference that Moore would indemnify Huber for damages resulting from the negligence of Huber. The word "negligence" is not used except in a disclaimer of what would not be indemnified. The gist of Moore's contention is that the portion of the clause which precedes the specific reference to "negligence" is too general to qualify as a specific reference to indemnification for Huber's own negligence and that the subsequent reference to what would not be indemnified requires us to infer that the general reference allows Huber's own negligence to be indemnified. This would make the provision for Huber's own negligence implicit, not explicit.

Words used in a contract are to be given their usual and common meaning unless, from the contract and the subject matter thereof, it is clear that some other meaning was intended. *Fort Wayne Cablevision*, 443 N.E.2d at 865. Words, phrases, sentences, paragraphs, and sections of a contract cannot be read alone. The entire contract must be read together and given meaning, if possible. *Id.* Where the terms of a contract are not ambiguous, the meaning of that contract is a matter for the court to decide as a question of law. *Fort Wayne Cablevision*, 443 N.E.2d at 867. Thus, summary judgment is particularly appropriate in contract disputes. *Bicknell Minerals, Inc. v. Tilly* (1991), Ind. App., 570 N.E.2d 1307, *trans. denied.* The test for determination of whether a contract is ambiguous is whether reasonable persons would find the contract subject to more than one interpretation. *Id.* at 866 (*citing Tastee–Freez Leasing Corp v. Milwid* (1977), 173 Ind.App. 675, 365 N.E.2d 1388, *trans. denied*). An indemnification provision must receive a fair construction by this court. *New York Railroad Co. v. Northern Indiana Public Service Co.* (1966), 140 Ind.App. 79, 221 N.E.2d 442 (*citing Brownenburg*, 32 Ind. 199).

We return to the basics. Moore and Huber were free to contract as they desired. They were free to provide in the contract that Moore would indemnify Huber for Huber's own negligence, and we will enforce that provision as valid if it appears Moore knowingly and willingly accepted that burden.

We find no ambiguity here. Moore agreed to indemnify Huber against any and all liability from any claim or cause of action of any nature arising while on or near the job site, including claims relating to its employees, whether or not it was alleged that Huber in any way contributed to the alleged wrongdoing or is liable due to a nondelegable duty. It was the intent of the parties that Moore indemnify Huber to the fullest extent permitted by law; however, Moore might not have been obligated to indemnify Huber for the sole negligence or willful misconduct where such indemnification is contrary to law. Otherwise, it was the intent of the parties that Moore indemnify Huber to the fullest extent permitted by law for such liability.

In clear and unequivocal terms, the words of the indemnification clause as a whole both define negligence as an area of the clause's application and unquestionably and expressly address the subject of Moore's indemnification of Huber for Huber's own negligence. The single indemnification clause in this case provides for an expansive coverage of liability and then states an exception for indemnification for the sole negligence of Huber. Each part of the clause depends upon the other to give it meaning and to define its application. Each necessarily refers to the other.

The reason courts require self-negligence indemnification clauses to be clear is to insure that the indemnitor is informed about the duty he has assumed. *Fort Wayne Cablevision*, 443 N.E.2d at 868. The indemnification clause put Moore on notice of these terms. When Moore accepted the contract, it also both knowingly and willingly accepted the burden to indemnify Huber for Huber's own negligence. The trial court correctly applied the law to the facts. The grant of summary judgment on this issue was not erroneous.

## II.

The clause does not violate the statute.

Moore claims that Ind.Code 26–2–5–1 rendered the indemnification clause invalid. We have quoted that statute in full above in this decision, but it generally provides that indemnification agreements in construction contracts are void and unenforceable if they purport to indemnify the promisee against liability for death or bodily injury to persons from the sole negligence of the promisee. Moore specifically contends the statute, on its face, clearly states that Huber cannot be indemnified for injuries resulting from negligence attributable to Huber. We do not agree.

Moore cites three cases to support his contention, each of which refer itself to I.C. 26–2–5–1. In *Walters v. Foley* (1977), 172 Ind.App. 207, 360 N.E.2d 199, *trans. denied,* the court stated, "Though not in effect at the time that this cause of action arose, a current statutory provision I.C. 26–2–5–1 (Burns Supp.1976), prohibits indemnification in most construction contracts for one's own negligence." *Id.* at 222, 360 N.E.2d at 209, n. 5. This statement itself concedes, however, that it has no application to that case and had no impact on the decision. We do not believe this statement controls the outcome of the present case. In *Ogilvie*, 452 N.E.2d at 169, the court stated, "This statute voids agreements to indemnify against one's own negligence in all construction contracts except highway contracts." The court, however, was not required to address itself to the words "sole negligence" in that decision, as we must in this case. There, the court determined that the lease in question was not a construction contract within the meaning of the statute. As the statement was not a factor in the decision of the court, it does not control our decision here. Finally, in *Plan–Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212, the court stated, "our legislature has declared broad form indemnity clauses in construction and design contracts in which the promisee

seeks to indemnify his own negligence to be unenforceable." *Id.* at 1221, n. 7. In the next sentence, however, the court stated that the statute, "is of no consequence in the instant case." *Id.* Therefore, the statement does not bind this decision.

We agree that the legislature has declared one form of construction contract indemnity clause, in which the promisee seeks indemnification for its own negligence, to be void and unenforceable. That form is the indemnity clause which seeks to indemnify the promisee against liability from its *sole* negligence, that is, in a situation where the promisee and no one else has been negligent. This is the plain wording of the statute. The legislature has apparently decided that it would be unfair to allow indemnification where no one other than the promisee, here Huber, has been negligent in the matter. This is the prerogative of the legislature. To read the statute to prohibit all agreements where a promisee may be indemnified for damages caused in part by its own negligence would read the word "sole" out of the statute. However, the legislature carefully considers the words it includes in statutes and we will not read the statute to exclude the word "sole" when it is, in fact, included.

Moore mentions the adoption of comparative fault in Indiana and claims it has some impact on this issue. He does not, however, cite any authority to show the present statute should not be applied as we have applied it. *See Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.* (1991), Ind., 578 N.E.2d 669. If a glitch exists in the statutory scheme, this Court may not legislate a change.

■ The indemnity agreement here specifically provides for indemnification of the concurrent or contributory negligence of Huber. *Cf. Zebrowski & Associates v. City of Indianapolis* (1983), Ind.App., 457 N.E.2d 259, 262, 263; *New York Railroad Co.*, 140 Ind.App. 79, 221 N.E.2d 442. The agreement provides an exception for indemnification for Huber's sole negligence when such is contrary to law. The indemnity agreement is consistent with the statute. The trial court correctly applied the law to the facts and found the clause did not violate I.C. 26–2–5–1.

Judgment affirmed.

RUCKER, J., concurs.

RATLIFF, C.J., concurs with separate opinion.

ROBERTSON and RUCKER, JJ., concur with this opinion.

RATLIFF, Chief Judge, concurring.

I concur in affirming the judgment of the Greene Circuit Court, but in so doing, I believe it is important to consider precisely what the court decided. Likewise, it also is important to consider what the trial court did not decide.

The exact language of the trial court's judgment is as follows:

"(1) The Indemnification Agreement between Moore and HH & N is valid and does not violate I.C. 26–2–5–1.

(2) Moore must indemnify HH & N for the negligence of HH & N unless the claim of Peterson arises from the sole negligence of HH & N.

(3) In the event there is a determination that HH & N is negligent and that Dirk Peterson is negligent, HH & N would receive indemnification from Moore for the entire judgment owed by HH & N to Peterson because Peterson's negligence, by respondeat superior, is attributable to Moore.

(4) In the event there is a determination that HH & N is negligent and that Dirk Peterson is free of fault, there must be a determination as to whether or not Moore is, to any extent, at fault, through the actions of its other officers, employees, and agents, and if it is determined that Moore is, to any extent, negligent, then Moore must indemnify HH & N for any judgment owed by HH & N to Peterson.

(5) If it is determined that HH & N is negligent and that neither Peterson nor any other employee, officer, or agent of Moore is negligent, then the claim of Peterson arises from the sole negligence of HH & N and Moore has no duty to indemnify HH & N for any portion of the

judgment obtained by Peterson against HH & N.

\* \* \* \* \* \*

ORDERED, ADJUDGED AND DECREED that the final judgment is entered in favor of third-party plaintiff Huber, Hunt & Nichols as to the interpretation and validity of the indemnification agreement, and that allocation of fault among parties and non-parties and the amount of damages remains at issue in this matter."

Record at 75–76.

The judgment of the trial court does nothing more than interpret the contract. It does not purport to decide the ultimate issue, that of whether Moore must indemnify Huber, Hunt & Nichols (HH & N).

The trial court determined that the contract provided for indemnification of HH & N by Moore unless Peterson's claim for damages is based upon the sole negligence of HH & N. If Peterson's injuries resulted from the sole negligence of Moore, or from the joint or concurring negligence of Moore and/or its employees, including Peterson, and Peterson prevails in this action, then, according to the trial court's construction of the indemnity provision in the contract, HH & N is entitled to indemnification from Moore. I believe this construction is a correct interpretation of the indemnity provision. So construed, the indemnity provision does not violate I.C. § 26–2–5–1. Thus, I fully concur in the trial court's construction of the contract.

It is important to keep in mind, however, that the trial court reserved determination of the ultimate issue of indemnification for trial. Summary judgment was not granted on that issue. The determination of who is liable, and whether, under the circumstances, HH & N is entitled to indemnity, if indeed Peterson recovers, awaits a trial on the merits. The trial court so held, and I concur in that judgment.

I concur in the affirmance of the trial court, but write to clarify precisely what the court did, in fact, decide.