**HAGERMAN CONSTRUCTION CORP.,**
Appellant–Third Party Plaintiff,

v.

**LONG ELECTRIC COMPANY and**
James Scott, Appellees–Third Party
Defendant and Plaintiff.

No. 02A04–0002–CV–80.

Court of Appeals of Indiana.

Dec. 27, 2000.

Cathleen M. Shrader, Kevin K. Fitzharris, Fort Wayne, Indiana, Attorneys for Appellant.

Robert E. Kabisch, Brian L. England, Fort Wayne, Indiana, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge

Third Party Plaintiff–Appellant Hagerman Construction Corp. (Hagerman) appeals the trial court's denial of its motion for summary judgment. We affirm in part and reverse in part.

Hagerman presents two issues which we consolidate and restate as: whether the trial court erred in denying Hagerman's motion for summary judgment.

Hagerman was the general contractor on a construction project on the campus of Indiana University–Purdue University in Fort Wayne. Long Electric Company (Long) was a subcontractor on the project, and James Scott (Scott) was an employee of Long. In September 1997, Scott was injured when he was struck on the head by a falling light pole. Scott made a claim for worker's compensation benefits and then filed suit against Hagerman. Hagerman subsequently filed a third party action against Long based upon an indemnity clause contained in the form contract between Hagerman and Long. Hagerman filed a motion for summary judgment requesting the court to find that, pursuant to the parties' contract, Long was required to indemnify Hagerman for any losses Hagerman suffered in the Scott litigation. The trial court denied Hagerman's motion and found that Hagerman was not entitled to indemnification by Long for Hagerman's negligence. This appeal ensued.

 Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Relying upon specifically designated evidence, the moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Estate of Pflanz v. Davis,* 678 N.E.2d 1148, 1150 (Ind.Ct.App.1997). If the moving party meets these two requirements, the burden then shifts to the non-movant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Downs v. Panhandle Eastern Pipeline Co.,* 694 N.E.2d 1198, 1200 (Ind.Ct.App.1998), *trans. denied,* 706 N.E.2d 178. Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *General Accident Insurance Co. of America v. Hughes,* 706 N.E.2d 208, 210 (Ind.Ct.App.1999), *trans. denied by*

*Hendrickson Motor Sales v. Hughes*, 726 N.E.2d 299 (Ind.1999).

■ On appeal, this Court is bound by the same standard as the trial court, and we consider only those matters which were designated to the trial court. *Pflanz*, 678 N.E.2d at 1151. We liberally construe all designated evidentiary material in the light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. *Id.* The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. *Id.*

Hagerman contends that the trial court erred in denying its motion for summary judgment. Although the parties agree that if Hagerman is solely responsible for Scott's injuries there should be no indemnification by Long, Hagerman asserts that, based upon the indemnity clause in the parties' contract, Long is required to indemnify Hagerman for Hagerman's own negligence if Long is also at fault. Alternatively, Hagerman claims that even if the contract does not require Long to indemnify Hagerman for Hagerman's negligence, Long is liable to indemnify Hagerman for Long's own negligence.

■ Absent prohibitive legislation, no public policy prevents parties from contracting as they desire. *Moore Heating & Plumbing, Inc. v. Huber, Hunt & Nichols*, 583 N.E.2d 142, 145 (Ind.Ct.App.1991). For instance, in Indiana a party may contract to indemnify another for the other's own negligence. However, this may only be done if the party knowingly and willingly agrees to such indemnification. *Id.* Such provisions are strictly construed and will not be held to provide indemnification unless it is so stated in clear and unequivocal terms. *Id.* We disfavor indemnity clauses because we are mindful that to obligate one party to pay for the negligence of another is a harsh burden that a party would not lightly accept. *Id.*

This Court has followed a two-step analysis to determine whether a party has knowingly and willingly accepted this burden. First, the indemnification clause must expressly state in clear and unequivocal terms that negligence is an area of application where the indemnitor (in this case, Long) has agreed to indemnify the indemnitee (in this case, Hagerman). *Id.* at 146. The second step determines to whom the indemnification clause applies. Again, in clear and unequivocal terms, the clause must state that it applies to indemnification of the indemnitee (in this case, Hagerman) by the indemnitor (in this case, Long) for the indemnitee's own negligence. *Id.*

■ In the present case, the indemnification clause used by the parties was taken from a form agreement drafted by the American Institute of Architects and entitled "AIA Document A401, Standard Form of Agreement Between Contractor and Subcontractor, 1987 Edition." The clause provides as follows:

**4.6 INDEMNIFICATION**

**4.6.1** To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Contractor, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including loss of use resulting therefrom, but only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to

negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Paragraph 4.6.

(R. 26). Applying the two-step test set out above, we first note that this indemnification clause expressly defines negligence as an area of application in clear and unequivocal terms. The clause speaks of claims, damages, losses and expenses attributable to bodily injury, sickness, disease or death, and injury to or destruction of property, as well as negligent acts or omissions. These words, taken in this context, are the language of negligence, and, as such, clearly and unequivocally demonstrate that the indemnification clause applies to negligence.

■ Next, we must determine whether the indemnification clause also expressly states, in clear and unequivocal terms, that it applies to indemnify Hagerman for its own negligence. We conclude that it does not. Hagerman argues that this Court has previously determined that the indemnity provision at issue in the present case is to be interpreted so as to require Long to indemnify Hagerman for Hagerman's own negligence. For this proposition, Hagerman directs us to our previous decision in *Hagerman Construction, Inc. v. Copeland,* 697 N.E.2d 948 (Ind.Ct.App.1998), *opinion amended on reh'g, trans. denied,* 714 N.E.2d 171. There, a subcontract agreement between Hagerman as the contractor and Crown–Corr as the sub-contractor contained the identical indemnification clause that is at issue in the present case. Hagerman contends that in *Copeland* this Court held that the indemnification clause requires indemnification by the sub-contractor, Crown–Corr, for Hagerman's own negligence and that we should abide by this precedent in the present case. However, Hagerman is misguided in its application of the Court's determination in *Copeland.*

In determining whether the trial court erred in denying Hagerman's motion for summary judgment regarding its indemni-

fication by Crown–Corr, the Court stated that the indemnification provision "appears to provide for indemnification for Hagerman's own negligence." *Id.* at 962. Additionally, the Court added that "[i]t appears to us that regardless of how Hagerman delegated duties of safety to its subcontractors, and regardless of whether Hagerman was negligent, Crown–Corr was obligated to indemnify Hagerman if at least Crown–Corr was negligent." *Id.* However, the court concluded by stating that it need not decide this question because the jury found that Crown–Corr was zero percent at fault for the accident, and therefore Crown–Corr need not indemnify Hagerman. Thus, Hagerman's reliance on this Court's *dicta* in *Copeland* is misplaced.

Similar to our discussion above, Long argues that *Copeland* does not hold that the indemnification clause at issue requires that the sub-contractor indemnify Hagerman for Hagerman's own negligence. Rather, Long asserts that the phrase "but only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor...." limits the scope of the liability to only those losses that are caused by the negligence of the sub-contractor or its agents. Hagerman, on the other hand, avers that Long's interpretation of the clause would be inconsistent with other language in the provision that provides for indemnity "to the fullest extent permitted by the law" and "regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder."

We conclude that the indemnification clause does not expressly state, in clear and unequivocal terms, that it applies to indemnify Hagerman for its own negligence. The clause explicitly indemnifies Hagerman for the acts of the sub-contractor, Long, and its sub-subcontractors, employees and anyone for whom it may be liable, but it does not explicitly state that Long must indemnify Hagerman for its own negligent acts. Further, the phrase "but only to the extent" clearly limits

Long's obligation to indemnify Hagerman only to the extent that Long, its sub-subcontractors, employees, and anyone for whom it may be liable are negligent. Otherwise, the clause contains no clear statement that would give the contractors notice of the harsh burden that complete indemnification would impose.

With regard to Hagerman's contentions, we conclude that inclusion of the phrase "to the fullest extent permitted by law" is not necessarily inconsistent with the use of the phrase "but only to the extent." The phrase "to the fullest extent permitted by law" is a preservation clause that preserves Hagerman's rights under the law to the extent that Long and/or its sub-subcontractors, etc. are negligent. In other words, Hagerman may pursue its rights to the fullest extent of the law as long as, and to the measure of, Long's negligence. Moreover, we think it also implausible to state that the phrase "regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder" contradicts the other language of the clause that would limit Long's liability to Hagerman. Simply put, based upon this phrase, Long may not disregard its duty to indemnify Hagerman for Long's negligence merely because Hagerman may also be negligent under the circumstances. Therefore, the indemnification clause does not require Long to indemnify Hagerman for Hagerman's own negligence. However, the clause does require Long to indemnify Hagerman for Long's negligence.

Additionally, we note that although our research did not reveal any Indiana cases interpreting this clause of the form agreement of the American Institute of Architects, we did find several cases from other jurisdictions interpreting the same or a similar provision. *See Mautz v. J.P. Patti Company,* 298 N.J.Super. 13, 688 A.2d 1088 (Ct.App.Div.1997), *certification denied,* 151 N.J. 472, 700 A.2d 883 (where subcontract used was entitled Standard Form of Agreement Between Contractor and Subcontractor, American Institute of Architects, Document A401, court held that indemnification clause did not provide for indemnity to contractor for contractor's own negligence but rather obligated subcontractor to indemnify contractor only to extent that claim was caused by subcontractor's negligence; the court further held that such indemnity was available regardless of whether loss was caused in part by contractor, as evidenced by phrase "regardless of whether it is caused in part by a party indemnified hereunder"); *see also Braegelmann v. Horizon Development Company,* 371 N.W.2d 644 (Minn.Ct. App.1985), *review denied* (where subcontract was American Institute of Architects standard form Document A401, 1978 edition, court held that trial court erred by granting summary judgment for contractor and by finding that sub-contractor was obligated to indemnify contractor for contractor's own negligence based upon clause "regardless of whether it is caused in part by a party indemnified hereunder"; court held that phrase "to the extent caused" suggested construction under which each party was accountable to the extent their negligence contributed to injury and therefore sub-contractor was required to indemnify contractor only to extent damages were caused by sub-contractor's negligence). *But cf. Buchanan v. Rentenbach Constructors, Inc.,* 922 S.W.2d 467 (Mo.Ct. App.1996) (reversing dismissal of contractor's third-party action for indemnification, court stated that it could not agree with subcontractor that agreement between subcontractor and contractor did not contain clear and unequivocal language requiring subcontractor to indemnify contractor for contractor's own negligence where agreement contained phrase "regardless of whether it is caused in part by a party indemnified" and giving the language used its broadest meaning, court held that language was sufficiently clear to survive a motion to dismiss). Thus, the indemnification clause in the case at bar does not require Long to indemnify Hagerman for Hagerman's own negligence,

and the trial court did not err on this point when it granted summary judgment in Long's favor. However, the clause does require Long to indemnify Hagerman for Long's negligence, and the trial court erred in denying summary judgment on this issue.[1]

Based upon the foregoing, we conclude that the trial court properly denied Hagerman's motion for summary judgment as to Long's obligation to indemnify Hagerman for Hagerman's own negligence. However, the trial court erred in denying Hagerman's motion as to Long's obligation to indemnify Hagerman for Long's negligence.

Accordingly, we affirm in part and reverse in part.

KIRSCH, J., and RILEY, J., concur.

---

1. We note that at the summary judgment hearing the parties and the court discussed the application of the Indiana Comparative Fault Act to the issue of indemnification. However, in its order, the trial court addressed only Hagerman's motion for summary judgment which it was asked to rule upon. The court made no findings or ruling upon the application of the Comparative Fault Act to the issues of the case. Therefore, on appeal, we address only the court's order denying Hagerman's motion for summary judgment.