**MEAD JOHNSON & COMPANY, INC., Appellant–Plaintiff,**

v.

**KENCO GROUP, INC., Appellee–Defendant.**

No. 82A04–0807–CV–385.

Court of Appeals of Indiana.

Jan. 15, 2009.

Keith W. Vonderahe, Mary Lee Schiff, Clay W. Havill, Evansville, IN, Attorney for Appellant.

Jeffrey L. Hansford, Curtis P. Moutardier, New Albany, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Third–Party Plaintiff/Appellant Mead Johnson & Company appeals the trial court's grant of summary judgment in favor of Third–Party Defendant/Appellee Kenco Group, Inc. We reverse and remand with instructions.

Ricky Pharr was a Kenco employee working at the Mount Vernon, Indiana warehouse managed by Kenco for Mead Johnson. On September 29, 2003, Pharr allegedly suffered personal injuries while attempting to open the rear overhead door on a trailer owned by Ryder and leased by Mead Johnson.

Pharr filed a negligence action against Ryder, claiming that Ryder neglected to keep the trailer in good repair and that neglect caused Pharr's injuries. Pharr also asserted that Mead Johnson was negligent because it failed to notify Ryder that the repairs were necessary.[1]

Mead Johnson subsequently filed a third-party action against Kenco based upon an indemnity clause contained in the Warehouse Management Contract (the "Warehouse Contract") signed by the two parties. Section 12(c) of the contract states:

> [Kenco] agrees to indemnify and save harmless [Mead Johnson], its employees, agents, representatives, successors and assigns from any and all judgments, orders, awards, costs and expenses including attorney fees which [Mead Johnson], its agents, representatives, successors or assigns may incur or be required to pay out by reason of bodily injury (including death) or property damage caused by or incurred by the negligent acts of [Kenco] or [Kenco's] employees, agents, servants, contracts, representatives or other persons for whom [Kenco] is legally responsible.

Appellant's App. at 118.

Kenco moved for summary judgment, alleging that the indemnity clause did not create an obligation to indemnify Mead Johnson in the Pharr lawsuit and that Mead Johnson had admitted Kenco was not negligent in some of its duties. However, Mead Johnson did claim that Kenco failed to maintain and provide its employees and others with a safe workplace and safety training and that Kenco breached its duty by allowing Pharr to be injured. A hearing was held in the trial court's chambers, and, without outlining its reasoning, the trial court subsequently granted Kenco's motion.

■ The purpose of summary judgment is to terminate litigation about which there is no factual dispute and which may be determined as a matter of law. *Ratcliff v. Barnes,* 750 N.E.2d 433, 436 (Ind.Ct.App. 2001), *trans. denied.* When reviewing the grant or denial of summary judgment, this court applies the same standard as the trial court. *Id.* Summary judgment is appropriate only if the designated evidentiary material shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Generally, construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Merrillville Conservancy District*

---

1. Pharr received worker's compensation benefits from Kenco.

*ex rel. Bd. of Directors v. Atlas Excavating, Inc.,* 764 N.E.2d 718, 724 (Ind.Ct.App. 2002).

 The goal of contract interpretation is to ascertain and give effect to the parties' intent. *Id.* In most cases, the intent of the parties to a contract is to be determined from the "four corners" of the contract. *Id.* Words used in a contract are to be given their usual and common meaning. *Exide Corp. v. Millwright Riggers, Inc.,* 727 N.E.2d 473, 478 (Ind.Ct.App. 2000), *trans. denied.*

 An indemnity agreement involves "a promise by one party (the indemnitor) to reimburse another party (the indemnitee) for the indemnitee's loss, damage, or liability." *Henthorne v. Legacy Healthcare, Inc.,* 764 N.E.2d 751, 756 (Ind.Ct. App.2002) (citations omitted). If the words of the indemnity clause are clear and unambiguous, they are to be given their plain and ordinary meaning. *Id.* The basic purpose of an indemnity clause is to "shift the financial responsibility to pay damages from the indemnitee to the indemnitor." *Ozinga Transportation Systems, Inc. v. Michigan Ash Sales, Inc.,* 676 N.E.2d 379, 386 (Ind.Ct.App.1997), *trans. denied.* We construe an indemnity agreement "to cover all losses and damages to which it reasonably appears the parties intended it to apply." *Zebrowski & Associates, Inc. v. City of Indianapolis,* 457 N.E.2d 259, 261 (Ind.Ct.App.1983).

 The primary basis for Kenco's summary judgment motion, and its primary emphasis on appeal, is its belief that the indemnity clause in the Warehouse Contract is unenforceable because it lacks clear language requiring Kenco to indemnify Mead Johnson for Mead Johnson's own negligence. Kenco points out that Pharr's lawsuit seeks recovery from Mead Johnson for Mead Johnson's alleged independent acts of negligence, and Kenco argues that there are no circumstances permitting Mead Johnson to recover indemnity for an adverse judgment.

Mead Johnson, on the other hand, points out (1) that it is not seeking indemnity for its own negligence, and (2) that its third-party action is consistent with the indemnity clause because it asks for indemnification based only on any fault allocated by the trier of fact to Kenco and/or Pharr (as Kenco's employee).

The clear and unambiguous language of the indemnity clause provides that Kenco agrees to indemnify Mead Johnson for the negligence of both Kenco and its employees. We conclude that summary judgment is premature, as the trial court's decision to grant summary judgment fails to recognize that allocation of fault by the trier of fact presents a genuine issue of material fact.

Both Mead Johnson and Kenco argue that their interpretation of the indemnity clause is supported by *Hagerman v. Long,* 741 N.E.2d 390 (Ind.Ct.App.2000), *trans. denied.* In *Hagerman,* James Scott was an employee of Long Electric, a subcontractor on a construction project. Hagerman was the general contractor on the project. Scott was injured when he was struck on the head by a falling light pole, and he filed a claim against Long for worker's compensation benefits. Scott then filed suit against Hagerman, and Hagerman in turn filed a third party action against Long based upon an indemnity clause contained in the contract between Hagerman and Long. After the trial court denied Hagerman's motion for summary judgment on the issue of whether the indemnity clause pertained to the litigation, Hagerman appealed to this court. *Id.* at 391.

We first addressed whether the indemnification clause expressly stated that

Long was to indemnify Hagerman for its own negligence. We concluded that although the clause explicitly indemnified Hagerman for the acts of Long and its employees, it did not indemnify Hagerman for its own negligence. *Id.* at 393. Thus, we upheld the trial court's denial of Hagerman's summary judgment motion on this point. *Id.*

We next addressed whether certain language in the indemnification clause allowed Long to disregard its duty to indemnify Hagerman "merely because Hagerman may also be negligent under the circumstances." *Id.* at 394. We concluded that the arguably limiting language of the clause did not free Long of its obligation, especially in view of the preservation language that assured that Long's obligation extended "[t]o the fullest extent permitted by law." *Id.*

In the present case, Kenco argues that the absence of the preservation language in its contract relieves Kenco of its obligation to indemnify Mead Johnson. However, contrary to Kenco's belief, *Hagerman* only holds that the preservation clause was "not necessarily inconsistent" with the alleged limiting language contained therein. *Id.* We did not hold that the preservation clause was a precondition to the finding that Hagerman was entitled to indemnification to the extent of Long's negligence. Stated differently, the preservation clause is not a magic phrase that, in its absence, emasculates a clear and unambiguous clause such as the one found in the Warehouse Contract. This is especially true because the indemnity clause in the present case contains no limiting language similar to that of *Hagerman.*

Kenco argues that the trial court was correct in granting summary judgment because Mead Johnson's negligence claim is a "stand alone" claim, and thus it is not related to the indemnity clause of the Warehouse Contract. An examination of Mead Johnson's third party complaint, however, discloses that its negligence count incorporated general allegations in the complaint which stated, among other things, that (1) "[p]ursuant to the terms of the agreement [between Kenco and Mead Johnson], Kenco is obligated to indemnify, defend and hold Mead Johnson harmless with respect to [Mead Johnson's] claims;" and (2) "[d]espite notice and request from Mead Johnson, Kenco continues to refuse to indemnify, defend, and hold Mead Johnson harmless with respect to the Plaintiff's claim." Appellant's App. at 58–59. Thus, Mead Johnson is not asserting a "stand alone" claim.

Kenco also argues that the indemnity clause in its Warehouse Contract works against the American Rule, which requires a party to pay its own attorney fees. Kenco further argues that enforcement of the indemnity clause is unworkable in the event that the trier of fact finds that Mead Johnson is partially at fault.

 In Indiana, a contract for attorney fees is enforceable according to its terms unless the contract is contrary to law or public policy. *Exide,* 727 N.E.2d at 481. The indemnity clause in the present case is neither contrary to law nor to public policy. Furthermore, should Mead Johnson be found to be partially liable, the subsequent allocation of attorney fees and costs is no more difficult that the preceding determination of liability.

We reverse and remand with instructions that the trial court vacate its judgment.

FRIEDLANDER, J., and BAILEY, J., concur.